UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

THE JET NETWORK, INC.,
a Florida corporation,

    Plaintiff,                                    Case No.: 21-CV-60391

v.

MONGOLIAN AIRWAYS CARGO, LLC,
a foreign limited liability company,

    Defendant.

_____ /

## COMPLAINT

Plaintiff, THE JET NETWORK, INC., hereby files its Complaint against Defendant, MONGOLIAN AIRWAYS CARGO, LLC, and states as follows:

### PARTIES

1. Plaintiff, THE JET NETWORK, INC. ("TJN"), is a Florida corporation with its principal place of business located in Broward County, Florida.

2. Defendant, MONGOLIAN AIRWAYS CARGO, LLC ("MA"), is a foreign limited liability company duly organized and existing under the laws of Mongolia with its principal place of business located at 13th Floor, Khudulmur Building, 1st Khoroo, Chingeltei District, Post Office 1100, Ulaanbaatar, Mongolia.

### JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1332 because both parties are diverse, and the amount in controversy, without interest and costs, exceeds the sum of $75,000.00.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here. In addition, both parties assented to jurisdiction and venue in the subject non-disclosure, non-circumvention, and consultant fee agreement.

5. This court has personal jurisdiction over the Defendant because it has continuous and systematic contacts with Florida and Defendant entered into a contract with Plaintiff in this state.

## FACTS APPLICABLE TO ALL COUNTS

6. TJN is an international aircraft broker located in Fort Lauderdale, Broward County, Florida.

7. MA is a Mongolian company located in Ulaanbaatar, Mongolia that is a cargo carrier based at Chinggis Khaan International Airport.

8. On March 28, 2019, TJN and MA entered into a Non-Disclosure, Non-Circumvention and Consultant Fee Agreement ("Broker Agreement") whereby TJN, an international aircraft broker, agreed to provide Defendant with prospective aircrafts. A true and correct copy of the Broker Agreement is attached and incorporated herein as Exhibit "A."

9. Per the Broker Agreement, Plaintiff worked diligently to help Defendant to obtain a new aircraft.

10. MA purchased three (3) Boeing 737 aircrafts. Under the terms of the Broker Agreement, MA was required to immediately notify TJN of the purchase, but MA failed to comply.

11. Simultaneous with the closing, TJN was to receive an "Aircraft Broker/Consulting Fee of $135,000.00 USD or 3%..." ("Commission"), whichever was greater.

12. TJN issued an invoice for the Commission amount due and owing on October 7, 2019.

13. To date, TJN has not received its Commission, in material breach of the Broker Agreement.

14. Plaintiff has been required to retain the services of counsel including the undersigned law firm to pursue its legal rights.  Therefore, the Plaintiff is obligated to pay the undersigned law firm a reasonable attorneys' fee for services rendered, and seeks reimbursement from the Defendant for all legal fees and expenses incurred in this action as damages pursuant to the terms of the Broker Agreement.

15. All conditions precedent to advancing this Action have either already occurred or been waived.

## Count I
### *Breach of Contract*

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16, as if fully set forth herein.

17. Plaintiff and Defendant entered into a valid Broker Agreement for consideration of service performed by Plaintiff.

18. Plaintiff completed all of its duties under the contract.

19. Defendant has materially breached its contractual obligations to Plaintiff by failing to pay Plaintiff's brokerage commission.

20. Plaintiff has sustained damage and loss as described above as a direct and proximate result of the Defendant's material breach of the Broker Agreement, of which due notice has been provided to Defendant, and Defendant has failed and refused to remedy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff, and against MA, for all recoverable damages, and for all other relief this Court deems just and proper.

## Count II
### *Unjust Enrichment*

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16, as if fully set forth herein.

22. Plaintiff pleads unjust enrichment in the alternative.

23. Plaintiff provided Defendant with extensive aircraft brokerage services but was not compensated for its services.

24. Defendant has knowingly accepted these services and never objected to the same.

25. At all times material, Defendant had and has knowledge of the benefit conveyed by it by Plaintiff.

26. At all times material, Defendant has accepted or retained the benefit conferred to it by Plaintiff.

27. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff, and against MA, for all recoverable damages, and for all other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated:     February 19, 2021.

        AERO LAW CENTER
        *Attorneys for Plaintiff*
        Ft. Lauderdale-Hollywood Int'l Airport
        1100 Lee Wagener Blvd., Suite 211
        Fort Lauderdale, FL 33315
        Telephone:   (954) 400-4643
        Facsimile:    (954) 210-8431
        Email:           ewing@aerolawcenter.com
                       alfaily@aerolawcenter.com
                       service@aerolawcenter.com

        By:_____/Jonathan A. Ewing/_____
             JONATHAN A. EWING, BCS
             FLORIDA BAR NO.: 40972
             NADA ALFAILY, ESQ
             FLORIDA BAR NO.: 1016145